IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VERONICA HEILESEN,**
**individually and on behalf of all others**
**similarly situated**                                                                **PLAINTIFFS**

**v.**                      **Case No. 4:18-cv-00753-KGB**

**AMPEX BRANDS BURLESON, LLC**                               **DEFENDANT**

## ORDER

Before the Court is a motion to withdraw Chris Burks as counsel for plaintiff Veronica Heilesen (Dkt. No. 11). Ms. Heilesen will continue to be represented by Josh Sanford and any other attorneys of the Sanford Law Firm, PPLC, who have entered an appearance in this matter (*Id.*, ¶ 2). For good cause shown, the Court grants the motion (Dkt. No. 11). The Court directs the Clerk to terminate Mr. Burks as counsel of record for Ms. Heilesen.

Also before the Court is a joint stipulation of dismissal with prejudice filed by both parties, Ms. Heilesen and defendant Ampex Brands Burleson, LLC ("Ampex") (Dkt. No. 12). The parties represent that they have reached a settlement agreement that resolves all claims in this lawsuit (*Id.*, ¶ 2). The parties submit that, while Ms. Heilesen filed this action on behalf of others similarly situated, no other plaintiffs joined the lawsuit (*Id.*, ¶ 5). The parties represent that, therefore, the case is currently an individual action and is being resolved on an individual basis (*Id.*). The parties wish for their agreement to remain private and do not wish for any reasonableness review to occur (*Id.*, ¶ 7).

The joint stipulation of dismissal accords with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Accordingly, the Court adopt the parties' joint stipulation of dismissal with prejudice (Dkt. No. 12). Ms. Heilesen's claims against Ampex are dismissed with prejudice. Court

review of the parties' settlement agreement is unnecessary because: (1) the lawsuit is not a collective action; (2) Ms. Heilesen was represented by counsel throughout the course of this action; and (3) the parties have represented to the Court that they desire to keep their settlement agreement private and would prefer that the Court not conduct a reasonableness review. *See Schneider v. Habitat for Humanity International, Inc.*, No. 5:14-cv-5230, slip. op. at 5 (W.D. Ark. Feb. 5, 2015); *see also Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256 (5th Cir. 2012) (finding that a reasonableness review or public filing of an FLSA settlement is not necessary in all cases).

It is so ordered this 15th day of July, 2019.

*[signature]*

Kristine G. Baker
United States District Judge